UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MACKENZIE HILL,**

  *Plaintiff*,

v.     Case No. SA-23-CV-00970-JKP

**UNIFI AVIATION, LLC, and THE ESTATE OF DAVID RENNER,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Unifi Aviation, LLC's (Unifi) Motion for Summary Judgment. *ECF Nos. 19,21*. Plaintiff responded. *ECF No. 20*. Upon consideration, the Motion is GRANTED. Further, Co-Defendant, the Estate of David Renner, is dismissed from this action. Consequently, this lawsuit is terminated and closed.

## UNDISPUTED FACTUAL BACKGROUND

On June 23, 2023, Plaintiff Mackenzie Hill was a passenger on a flight to San Antonio and was seated at the window of the airplane. Unifi provided ground handling & aviation services at the San Antonio International Airport. Shortly after the airplane parked at the gate, an employee of Unifi, David Renner ("Renner"), sustained fatal injuries when he jumped into its engine. Upon investigation, Renner's act was determined to be suicide. Hill witnessed the event from her seat in the airplane and subsequently filed this suit alleging causes of action against Unifi for gross negligence in hiring, supervision, and retention, as well as intentional infliction of emotional distress through a respondeat superior theory of liability, and violation of the Texas

Deceptive Trade Practices Act (TDTPA). Unifi now files this Motion for Summary Judgment pertaining to all causes of action asserted against it.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard remains unchanged. Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## DISCUSSION

1. **Suit against the Estate of David Renner**

Review of the Original Petition reveals the Estate of David Renner is a named Co-Defendant. The record reflects Hill did not serve summons on this party. Review of the Original Petition reveals Hill asserts all causes of action against Unifi, only. In the Notice of Removal, Unifi states, "[t]he Estate of David Renner is not a proper party to this lawsuit, as an action may not be brought against an estate, which is not a legal entity."

A decedent's estate is not a legal entity that may properly sue or be sued. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *Estate of Miranda v. Harlingen Consol. Indep. Sch. Dist.*, No. 7:18-CV-348, 2020 WL 13607941, at *2 (S.D. Tex. Feb. 18, 2020). Because Hill asserts no causes of action against the Estate and has not served this party, and the Estate of David Renner is not a legal entity that can be sued, the Estate of David Renner is dismissed from this lawsuit. *See id*.

2. **Hill's Standing to Sue**

Unifi alleges Hill does not have standing to assert each of the asserted causes of action. Unifi bases each argument upon the contention that Hill cannot prove the cause of action, and therefore, she has no standing to assert each cause of action.

"A question of standing raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Cook v. Reno,* 74 F.3d 97, 98–99 (5th Cir. 1996); *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000). "A question of standing raises

the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. *Pederson*, 213 F.3d at 869.

A party may have standing to bring a cause of action, but may not be able to prove the cause of action. *See id*. The fact that a party is unable to prove a cause of action does not remove its standing to assert the cause of action. Consequently, to the extent Unifi argues Hill lacks standing due to her inability to prove the elements of a cause of a cause of action, any requested dismissal based upon lack of standing is denied. The Court will, instead, address the substantive arguments pertaining to the validity of summary judgment on each cause of action.

3. **Texas Deceptive Trade Practices Act**

In the Original Petition, Hill asserts a cause of action for violation of the Texas Deceptive Trade Practices Act (TDTPA). Hill alleges when she purchased a ticket from the airline carrier to fly to San Antonio, she became a "consumer" of Unifi's services as the term is defined under the TDTPA. *ECF No. 1-4, pp. 26-28*. Hill asserts that in purchasing her ticket, the money she spent benefitted the airline, the airport, and ground crew, including Unifi, and she relied upon all those businesses to ensure her safety. *Id*. Hill alleges that Unifi's website advertises "a culture where safety is never compromised for any other business priority." *Id*. Because Unifi was reckless in the retention and management of Renner by allowing him to work close to commercial planes, Unifi veered from its promise of safety to employees and customers. *Id*. Thus, Hill alleges Unifi's advertisement of the promise of safety was deceptive and misleading because it recklessly allowed Renner into a high-security area. Hill alleges Unifi advertisement of "risk identification" as one of its commitments to safety was also deceptive and misleading. *Id*.

Unifi contends it is entitled to summary judgment because Hill does not qualify as a consumer under the TDTPA because she did not seek or acquire services from Unifi by purchase or

5

lease. Unifi goes on to argue Hill "produces no evidence" to show that by purchasing a ticket from a major airline, she became a consumer of Unifi's "safety services"; Hill "offers no evidence that Unifi sold or leased safety services to her, or that she sought or acquired said services from Unifi"; Hill "provides no evidence of contractual privity; Hill provides no evidence "that any representation regarding Unifi's alleged safety services reached her in connection with her purchase of a plane ticket . . . or that Unifi benefited from her purchasing a plane ticket." *ECF No. 19, pp. 13-15*.

In making these summary judgment arguments, Unifi fails to recognize it holds the initial summary judgment burden to establish it is entitled to summary judgment as a matter of law or to provide evidence or show there is no evidence which raises a genuine dispute of material fact that must be determined by a jury. *See Celotex Corp.,* 477 U.S. at 323; *Little v. Liquid Air Corp.*, 37 F.3d at 1075, 1076 n. 16. At the same time, even assuming Unifi might satisfy its initial summary judgment burden, Hill provides only argument in her Response to the summary judgment motion; she attaches no evidence from which this Court might determine a genuine dispute of material fact exists. These unsubstantiated assertions are not sufficient to defeat a properly-supported motion for summary judgment, and Hill must identify specific evidence in the record and articulate the precise manner in which this evidence raises a genuine dispute of material fact. *See Brown v. City of Houston,* 337 F.3d at 541; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d at 458.

Consequently, based upon both parties' failure to produce proper summary judgment argument and evidence, this Court will construe the Motion for Summary Judgment to present argument that Unifi is entitled to summary judgment as a matter of law. If Unifi satisfies its summary judgment burden, this Court will, then, construe Hill's Response to present argument that

Unifi is not entitled to summary judgment as a matter of law. This Court cannot construe the Response to present argument that a genuine dispute of material fact exists because Hill presents no evidence from which the Court may make this determination. *See id.*

The TDTPA prohibits false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. Tex. Bus. & Com. Code § 17.46(a). To establish a violation of the TDTPA claim, a plaintiff must show: (1) they were a consumer, as defined by the statute; (2) the defendant engaged in at least one of the designations of false, misleading, or deceptive acts or practices listed in the TDTPA statute or engaged in an unconscionable action or course of action; (3) the plaintiff detrimentally relied on the asserted violative act or practice listed in the statute or unconscionable action; and (4) the alleged act or practice was a producing cause of the plaintiff's injury. Tex. Bus. & Com. Code § 17.46(b); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *Huynh v. Walmart Inc.*, 30 F.4th 448, 453 (5th Cir. 2022). "To prove an unconscionable action or course of action, a plaintiff must show that the defendant's act took advantage of her lack of knowledge and 'that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated.'" *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 677 (Tex. 1998); *Huynh*, 30 F.4th at 453.

To start, Hill does not identify the specific provision of the TDTPA upon which she bases this cause of action. Thus, Hill fails to identify which of the designations of false, misleading, or deceptive acts or practices that are violative of the TDTPA Unifi violated, nor does she allege Unifi engaged in an unconscionable action or course of action. *See* Tex. Bus. & Com. Code § 17.46(b); *Amstadt*, 919 S.W.2d at 649. At this stage of litigation, this pleading omission cannot be cured, as the Scheduling Order deadlines for pleading amendment and discovery passed. *See*

7

*ECF No. 9*. Hill's inability to satisfy the second element of this cause of action is sufficient basis to grant summary judgment.

Next, the Court examines the fourth prong of this cause of action: whether Unifi's alleged misrepresentation was a producing cause of Hill's injury. In the Original Petition, Hill admits she did not suffer any physical harm as a result of Unifi's violation of the TDTPA based upon Renner's act and seeks damages from Unifi for emotional distress and mental anguish, only. *ECF No. 1-4, p. 29*. A consumer-plaintiff may recover mental anguish damages for violation of the TDPTA only if she proves the defendant's false or misleading act was knowing or intentional conduct. *Id*. at §§ 17.50(a),(b).

Unifi contends it is entitled to summary judgment as a matter of law because Hill cannot show the conduct on which this action is based, that is, its misrepresentation to her of its safety standards, was knowing or intentional conduct. The Court finds this argument also has merit due to the attenuated nature of the alleged violation of the TDTPA. Hill alleges in the Original Petition that Unifi represents its quality safety standards on its website, and when she purchased her ticket from the airline, she became a consumer of Unifi's service and its representation of safety. Even assuming Hill qualifies as a consumer under the statute, she cannot satisfy the fourth prong of this cause of action as a matter of law because she cannot show Unifi's action was intentional or knowing to recover damages for emotional distress and mental anguish. Instead, Hill alleges in the Original Petition that Unifi's action of hiring and retaining Renner was negligent. She does not allege Unifi's act of hiring Renner, even though negligent, was a knowing and intentional misrepresentation of its safety standards. While Renner's act, which caused her mental anguish, might have been intentional, this intentional act cannot be imputed to Unifi as basis for damages

8

for violation of the TDTPA. Based upon the nature of the underlying facts and based upon Hill's allegations, Unifi satisfies its burden to show it is entitled to summary judgment as a matter of law.

Hill cannot satisfy her burden to raise a genuine dispute of material fact or show Unifi is not entitled to summary judgment because she provides only unsubstantiated argument in her Response to the summary judgment motion; she attaches no evidence from which this Court might determine a genuine dispute of material fact exists. *See Brown v. City of Houston,* 337 F.3d at 541; *Ragas*, 136 F.3d at 458. Hill provides no showing that she is otherwise entitled to damages for mental anguish. Hill's inability to satisfy the damages element of this cause of action is sufficient basis to grant summary judgment.

Because the Court finds sufficient basis to grant summary judgment on this cause of action as a matter of law, it will not engage in analysis whether Unifi may show it is entitled to summary judgment based upon its argument that Hill was not a consumer as defined by the TDTPA.

For these reasons, Unifi is entitled to summary judgment on the TDTPA cause of action, and it will be dismissed.

### 4. Intentional Infliction of Emotional Distress

The Court construes the Original Petition liberally and interprets Hill's allegations to assert a cause of action for intentional infliction of emotional distress against Unifi under a respondeat superior theory of liability. Hill alleges she was injured by witnessing Renner's suicide and ….

"Before liability will be imposed on an employer for the wrongful acts of its employee, a plaintiff must show that the employees acts (1) fall within the scope of his general authority; (2)

are in furtherance of the employer's business; and (3) are for the accomplishment of the object for which the employee was hired." *McCray v. DPC Indus., Inc.*, 875 F. Supp. 384, 391 (E.D. Tex. 1995). An employer cannot be held liable for an employee's intentional tort unless "the act complained of arose directly out of and was done in the prosecution of the business that the servant was employed to do" and was "for the accomplishment of the object for which the servant is employed." *Valdez v. Church's Fried Chicken, Inc.*, 683 F.Supp. 596, 610 (W.D.Tx. 1988); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). Intentional infliction of emotional distress is an intentional tort. *Id*.

First, Hill's cause of action fails based upon admissions in the Original Petition. It is undisputed that Renner was on the tarmac and in the vicinity of the airplane in which Hill was a passenger as an employee of Unifi and to fulfill his assigned job duties. However, Hill admits Renner's act of jumping into the airplane's engine was suicide, and this act was not in furtherance of the job he was employed to perform and not in furtherance of Unifi's business. *ECF No. 1-4, pp. 6-16, 21-25*. Because Renner's intentional conduct of suicide was not in furtherance of his assigned job duties, this intentional conduct cannot impose liability upon his employer, Unifi, for intentional infliction of emotional distress. Hill's conclusory assertion that Renner's act took place while he was at work falls short of imposing liability on Unifi for Renner's alleged intentional infliction of emotional distress.

Thus, upon construing the facts asserted in the Original Petition in the light most favorable to Hill and upon drawing all reasonable inferences in her favor, the Court must conclude Unifi satisfied its summary judgment burden to show it is entitled to summary judgment as a matter of law on this cause of action. Upon the shifting burden to Hill, she fails to, and cannot,

produce evidence to raise a genuine dispute of material fact whether Renner's act was in furtherance of the job he was employed to perform and was not in furtherance of Unifi's business.

Consequently, Unifi's Motion for Summary Judgment will be granted on the cause of action for intentional infliction of emotional distress.

### 5. Gross Negligence in Hiring, Supervision, and Retention

In the Original Petition, Hill alleges Unifi had a duty to control Renner's actions while he was at work and to maintain security and safety measures to keep airline passengers safe during their travel. Hill alleges Unifi breached this duty by failing to identify Renner's indications of suicide posted on his social media accounts and by hiring Renner when his social media posts indicated irrational thoughts and behavior.

"An employer's liability for negligent hiring, supervision, or retention arises if it hires an incompetent or unfit employee whom the employer knows, or reasonably should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Cox v. City of Fort Worth*, 762 F.Supp.2d 926, 940 (N.D. Tex. 2010). To prove a cause of action for negligent hiring, retention, and supervision, a plaintiff must show: "(1) the employer owed a legal duty to protect [against] the employee's actions and (2) the damages sustained were proximately caused by the employer's breach of that duty." *Estate of Boswell v. Bank of Am. Home Loans*, No. 4:11-CV-588, 2012 WL 13024097, at *5 (N.D. Tex. 2012)(quoting *Bedford v. Moore*, 166 S.W.3d 454, 463 (Tex. App.—Fort Worth 2005, no pet.)). The employer's legal duty extends only to prevent the employee from causing physical harm to a third party. *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002, no pet.); *Bolden v. Am. Airlines, Inc.*,

11

No. 4:21-CV-00603, 2021 WL 3419682, at *5 (N.D. Tex. 2021); *Miller v. Transp. Depot Produce & Dry, Inc.*, No. 5:15-CV-819, 2017 WL 11026885, at *2 (W.D. Tex. 2017).

In the Original Petition, Hill admits she did not suffer any physical harm as a result of Renner's act. Unifi produces evidence of discovery responses in which Hill admits she "is not alleging a physical disfigurement, impairment, or disability" and "is not alleging physical damages." Exhibit G at RFP Nos. 12,20; Interrogatory No. 2. With this admission and evidence, Unifi satisfies its summary judgment burden to show Hill cannot satisfy the damages element of the negligent hiring, supervision, and retention cause of action as a matter of law.

In response, Hill produces no evidence to raise a genuine dispute of material fact on this element and, instead, presents argument that she "[s]ustained severe emotional distress caused by Unifi's negligence in retaining" Renner, and she "is forever mentally and emotionally damaged." Par. 11. Hill presents no evidence, nor argument, that Renner's act or Unifi's alleged negligence caused her any physical harm. For this reason, Hill fails to satisfy her summary judgment burden of proof.

Because Hill admits she suffered emotional damages, only, as a result of Unifi's alleged negligent hiring, retention, supervision of Renner, she cannot prove this cause of action. Consequently, summary judgment will be granted on this cause of action.

## Conclusion

For the reasons stated, Unifi Aviation, LLC's Motion for Summary Judgment is GRANTED. *See ECF No. 19*. Further, Co-Defendant, the Estate of David Renner, is dismissed from this action. Consequently, the Clerk of Court is directed to close this case. The Court will issue a Final Judgment separately.

It is so ORDERED.
SIGNED this 14th day of November, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE